IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             CRIMINAL ACTION NO. 2:24-cr-00192

KISHA SUTTON -01,
SHAMIESE WRIGHT -02,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Government's Motion for Judicial Notice* (Document 272), wherein the Government asks the Court to take judicial notice of the Paycheck Protection Program ("PPP") federal administrative rules and that Huntington, Charleston, and South Charleston are all located within the Southern District of West Virginia. The Court has also reviewed *Defendant Kisha Sutton's Response to Government's Motion for Judicial Notice* (Document 275) and all exhibits attached to the parties' briefs. For the reasons stated herein, the Court finds that the Government's motion should be granted.

Under Rule 201(b) of the Federal Rules of Evidence, a court may take judicial notice of a "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Fourth Circuit has held that matters of public record and other adjudicative facts may be judicially noticed. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508–09 (4th Cir. 2015). The Advisory Committee Notes to Rule 201(a)

clarify that an adjudicative fact is simply a fact of a particular case. The court can either take judicial notice on its own or at a party's request. Fed. R. Evid. 201(c).

The Government requests that the Court take judicial notice of the PPP rules and regulations, specifically sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES" Act), that were promulgated by the Small Business Administration and reported in the Federal Register. It argues that these rules and regulations "are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (Document 272 at 3). It states these rules are relevant because they establish what entities are eligible for PPP loans, the proper use of the loan proceeds, and are needed to explain the Defendants' fraud scheme. Further, the United States asks the Court to take judicial notice that the following municipalities are within the Southern District of West Virginia: Huntington, Cabell County, West Virginia; Charleston, Kanawha County, West Virginia; and South Charleston, Kanawha County, West Virginia.

In response, Defendant Kisha Sutton argues that the PPP rules were amended several times, and the Government has not provided context on which rules it seeks to judicially notice in relation to the crimes for which Ms. Sutton is accused. She contends that admitting the rules in their entirety will deprive her of the opportunity to contest whether a particular rule was in place at the time of Ms. Sutton's alleged actions. She does not object to the court taking judicial notice that Huntington, Charleston, and South Charleston are located within the Southern District of West Virginia. However, she objects to the Court taking judicial notice that any crime took place in these locations as set forth in her pending *Motion to Dismiss Counts One and Two for Lack of Venue as to Kisha Sutton* (Document 264).

The Court finds that judicial notice of the PPP rules and regulations, sections 1102 and 1106 of the CARES Act, is appropriate. 44 U.S.C. § 1507 establishes a rebuttable presumption that documents published in the Federal Register are "duly issued, prescribed, or promulgated" and requires that "[t]he contents of the Federal Register shall be judicially noticed." While Ms. Sutton contends that admitting these rules will prevent her from contesting whether a particular rule was in place at the time of the alleged acts, the Government has specifically set forth which PPP rules to which it refers, citations and links to the rules, as well as the rules' publication dates in Exhibit A of its motion. The Court is instructed by statute to take judicial notice of rules and regulations published in the Federal Register by statute, and it must do so. As such, the Court takes judicial notice of the PPP rules and regulations set forth in sections 1102 and 1106 of the CARES Act.

The Court also takes judicial notice that the cities of Huntington, Charleston, and South Charleston, West Virginia, are all located in the Southern District of West Virginia. While the Defendant objects to the Court taking judicial notice that any crime took place in the Southern District of West Virginia, the Government did not request that the Court take such judicial notice. The Court notes Ms. Sutton's objection to venue. However, that objection is more appropriately addressed outside of the context of judicial notice and is unnecessary to discuss here.

Wherefore, after careful consideration, the Court **ORDERS** that the *Government's Motion for Judicial Notice* (Document 272) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendants and their respective counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 30, 2025

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA