IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    CRIMINAL ACTION NO. 2:24-cr-00192

KISHA SUTTON -01,
SHAMIESE WRIGHT -02,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Government's Motion in Limine to Preclude Arguments and Evidence Advocating Jury Nullification* (Document 270), *Defendant Kisha Sutton's Response to Government's Motion in Limine to Preclude Arguments and Evidence Advocating Jury Nullification* (Document 273), *Defendant Shamiese Wright's Response to Government's Motion in Limine to Preclude Arguments and Evidence Advocating Jury Nullification* (Document 286), the *Government's Motion in Limine to Exclude Undisclosed Defense Evidence* (Document 271), *Defendant Kisha Sutton's Response to Government's Motion in Limine to Exclude Undisclosed Defense Evidence* (Document 274), *Defendant Shamiese Wright's Response to Government's Motion in Limine to Exclude Undisclosed Defense Evidence* (Document 282), and the *Government's Omnibus Reply to Defendant Kisha Sutton's Response to Government's Motion in Limine to Exclude Undisclosed Defense Evidence and Defendant Shamiese Wright's Response to Government's Motion in Limine to Exclude Undisclosed Evidence* (Document 297).

   1. *Motion to Preclude Arguments and Evidence Advocating Jury Nullification*

In the *Government's Motion in Limine to Preclude Arguments and Evidence Advocating Jury Nullification* (Document 270), the Government seeks to exclude evidence of penalties the Defendants may face, impacts that a felony conviction may have on Ms. Wright's nursing education and licensure, family and financial situations, and any medical diagnoses or disabilities the Defendants may have. The Government contends that evidence about these subjects is irrelevant to the Defendants' guilt or innocence and will only invite jury nullification.

Both Defendants state they do not intend to present evidence of potential penalties, but Ms. Sutton argues that the motion is nevertheless premature and should be denied. Although the Government seeks exclusion of only Ms. Wright's education, Ms. Sutton states that her own employment, education, and training is relevant to her credibility and intent to commit a crime. Ms. Wright argues that her education is relevant to her good character, her requisite intent to knowingly participate in a bank fraud scheme, her defense that Lydia Spencer participated and controlled the loan process, and her credibility. Ms. Sutton states that evidence of her family and household may be relevant because the Government cannot pinpoint who was operating the internet when the loan applications were submitted. Ms. Wright argues that the jury should be able to consider family responsibilities and education history in determining whether these factors negate the Government's portrayal of her as someone who has committed fraud. Neither Defendant intends to use evidence about medical diagnoses or disabilities they may have, unless it becomes relevant at trial.

Since both Defendants state they do not intend to present evidence about penalties they may face if convicted or about medical diagnoses and disabilities, the Government's motion in limine to exclude evidence related to those issues is granted.

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Evidence may be presented about the Defendants' current employment to provide basic background information. However, the Defendants' education, employment, and training is irrelevant to their respective intent or ability to commit a crime, credibility, and good character. Because a defendant may only offer evidence of their own relevant, pertinent traits under Rule 404(a)(2)(A) and in the manner prescribed in Rule 405, the Defendants cannot offer irrelevant information about their education or employment. The Government's motion in limine to exclude this evidence is granted, as specified herein.

Additionally, the Defendants' family and financial situations are also irrelevant to the alleged conduct. Ms. Wright's contention that the jury should be able to consider these factors to negate the Government's portrayal of her as someone who has committed fraud is the precise type of character evidence the Rules seek to exclude from trial. A jury may be persuaded to nullify by a defendant's financial hardship or their status as a parent. The Court finds that these considerations are not relevant in this case and must be excluded. However, Ms. Sutton may present evidence that other people live with her and have access to her computer, without going into the details of her family relationships. The Government's motion to exclude evidence of family and financial situations is granted.

2. *Motion to Exclude Undisclosed Defense Evidence*

In the *Government's Motion in Limine to Exclude Undisclosed Defense Evidence* (Document 271), the Government states that neither Ms. Sutton nor Ms. Wright have provided reciprocal discovery as required under Rule 16.1(d) of the Local Rules of Criminal Procedure.

The Government requests that the Court prohibit the Defendants from introducing undisclosed documentary or physical evidence to avoid surprise evidence at trial, which Rule 16.1 seeks to prevent. The Defendants argue that the motion is premature because the 14 days that Rule 16.1 provides for reciprocal discovery have not elapsed. Ms. Sutton also contends that the Government's motion fails to provide adequate context and is general in nature. She points to a concurrence by Justice Ketchum of the Supreme Court of Appeals of West Virginia, wherein he stated that generalized motions in limine "on legal issues presented in a vacuum are often frivolous." (Document 274 at 2).

Local Rule 16.1(d) states that a "[d]efendant must provide all reciprocal discovery due the government within 14 days of receiving the materials and the filing and serving of [Standard Discovery Request] responses." The Government served the Defendants with supplemental discovery materials as recently as June 30, 2025 (Documents 301 & 302). The deadline to provide reciprocal discovery has not yet passed, and the Defendants still have an opportunity to disclose evidence. However, during trial, any previously undisclosed documentary or physical evidence will be excluded. Fed. R. Crim. P. 16(d)(2)(C). The Government need not point to any specific undisclosed evidence, nor can it without being privy to the Defendants' planned case in chief, for its motion to be considered. The Court finds that the motion in limine should be granted.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the *Government's Motion in Limine to Preclude Arguments and Evidence Advocating Jury Nullification* (Document 270) and the *Government's Motion in Limine to Exclude Undisclosed Defense Evidence* (Document 271) be **GRANTED** as specified herein.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendants and their respective counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: July 1, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA