IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           CRIMINAL ACTION NO. 2:24-cr-00192

KISHA SUTTON -01,
SHAMIESE WRIGHT -02,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion to Dismiss Counts One and Two for Lack of Venue* (Document 264), *Defendant Shamiese Wright's Motion to Join in Co-Defendant Kisha Sutton's Motion to Dismiss Counts One and Two for Lack of Venue* (Document 269), the *Government's Response to Defendant Kisha Sutton's Motion to Dismiss Counts One and Two for Lack of Venue* (Document 284), and the *Government's Response to Defendant Shamiese Wright's Motion to Join in Co-Defendant, Kisha Sutton's Motion to Dismiss Counts One and Two for Lack of Venue* (Document 285).

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

The United States brought this case in a 10-count *Indictment* (Document 1) returned on November 19, 2024. The Indictment named seven Defendants, including Kisha Sutton and Shamiese Wright. It generally alleged that Ms. Sutton conspired with the other Defendants to fraudulently apply for COVID-19 relief Payment Protection Program (PPP) loans. Ms. Sutton is

alleged to have filled out false loan documents and IRS forms for the other Defendants after they supplied her with their personal data including bank account information. These documents claimed that the Defendants were each sole proprietors of businesses that generated $75,000 in gross income. After the loan was approved and funded by a financial institution, the Defendants would send Ms. Sutton a portion of the loan as a "kickback" payment through CashApp and spend the remainder on ineligible expenses.

A *Second Superseding Indictment* (Document 245) which charges only Kisha Sutton and Shamiese Wright has since been filed. The charges against the other Defendants have either been dismissed or they have entered guilty pleas. Count One charges Ms. Sutton and Ms. Wright with aiding and abetting bank fraud and Count Two charges them with money laundering. Ms. Sutton was a resident of Jersey City, Hudson County, New Jersey, and Ms. Wright was a resident of Charleston, Kanawha County, West Virginia, when they allegedly committed these acts.

## STANDARD OF REVIEW

"[T]o survive a motion to dismiss sought pursuant to Rule 12 [of the Federal Rules of Criminal Procedure], an indictment must allege facts that, if proven true, would sustain a violation of the offense charged." *United States v. Hasan*, 747 F.Supp.2d 599, 602 (E.D. Va. 2010). "An indictment is sufficient if it: 1) alleges the essential elements of the offense charged and provides the defendant with notice of the crime with which he is charged; and 2) enables the defendant to plead double jeopardy in any future prosecution for the same offense." *United States v. Lang*, 766 F.Supp. 389, 395 (D. Md. 1991). "A 12(b) motion is permissible only when it involves a question of law rather than fact." *United States v. Shabbir*, 64 F.Supp.2d 479, 481 (D. Md. 1999) (citation omitted). A Court cannot grant the motion to dismiss under Rule 12 if a Defendant's "legal contentions are inextricably bound up with the facts of the case." *Id*.

## DISCUSSION

Defendant Kisha Sutton argues that venue requires consideration of the essential conduct element of each distinct crime. Here, she states that the essential conduct element of bank fraud is the execution. She argues that the Second Superseding Indictment fails to specify any essential conduct of bank fraud that occurred in the Southern District of West Virginia. She contends that the kickback payment sent by Ms. Wright occurred after the execution of the scheme and cannot be used to establish venue. Lastly, the Defendant references *United States v. Verclas*, where the district court dismissed a major fraud indictment that failed to establish venue. No. GJH-18-160, 2019 WL 95148 (D. Md. Jan. 3, 2019) (the submission of a fraudulent application in New York constituted execution of major fraud and did not establish venue in the District of Maryland, where payment was processed).

Ms. Wright adopts the arguments presented by Ms. Sutton. She also adds that her residence in West Virginia is superfluous and cannot create venue. She argues that if bank fraud occurred at all, it took place in New Jersey. Ms. Wright states that the Government has not produced evidence where the CashApp transfer originated, nor can it, because the timeframe for discovery has expired.

The United States responds that the allegations within the four corners of the Superseding Indictment unequivocally assert that the charged conduct occurred within the Southern District of West Virginia. The Government points to language in both Counts where venue is alleged in the Southern District of West Virginia and argues that the Court cannot look for evidence of venue beyond the charging document. The United States also responds that the Defendants' focus on where the essential conduct element occurred is misplaced and ignores the continuing offense character of the bank fraud statute, particularly in the context of the Defendants' scheme. In

response to Ms. Wright, the United States argues that it has produced evidence that she was in the Southern District of West Virginia when the CashApp transaction occurred. Regardless, the Government states that it is not required to prove venue prior to trial and has sufficiently alleged venue in the Second Superseding Indictment, which is all that is required at this stage.

Criminal defendants have a constitutional right "to be tried in the State and district where the alleged crime was committed." *United States v. Powers*, 40 F.4th 129, 134 (4th Cir. 2022). "When, as here, a defendant is charged with multiple criminal counts, venue must lie as to each count." *United States v. Engle*, 676 F.3d 405, 413 (4th Cir. 2012). The venue inquiry may yield more than one appropriate venue, including a venue in which a defendant has never set foot. *United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005). To dismiss an indictment for improper venue, the defendant must "demonstrate that the allegations therein, even if true, would not establish venue." *Engle*, 676 F.3d at 415.

Generally, venue is determined based on the nature of the alleged crime and "the location of the act or acts constituting it" with a focus on "the essential conduct elements of the charged offense." *Ebersole*, 411 F.3d at 524 (internal quotation marks omitted). A continuing offense "properly can be tried either in the district where the offense began, continued, or was completed." *United States v. Stewart*, 256 F.3d 231, 243 (4th Cir. 2001); *See* 18 U.S.C. § 3237(a). Preparatory acts are not part of the venue analysis of a continuing offense. *United States v. Sterling*, 860 F.3d 233, 244–45 n.3 (4th Cir. 2017) (citing *Ebersole*, 411 F.3d at 531). The same is true for acts that occur in furtherance of a crime or after a crime is complete. *United States v. Jefferson*, 674 F.3d 332, 367 (4th Cir. 2012).

Bank fraud is a continuing offense as set forth in 18 U.S.C. § 3237. *United States v. Bankole*, 39 Fed.Appx. 839, 842 (4th Cir. 2002). 18 U.S.C. § 1344 prohibits the knowing

execution of a scheme to defraud a financial institution or obtain any moneys or other property owned by a financial institution by means of false pretenses. A defendant may be prosecuted for each "*execution* of a scheme to defraud . . . *not* each act in furtherance of such a scheme." *United States v. Colton*, 231 F.3d 890, 908–09 (4th Cir. 2000) (emphasis in original).

The money laundering statute prohibits individuals from knowingly conducting a financial transaction that involves the proceeds from an unlawful activity to conceal or disguise the source of the unlawful proceeds. 18 U.S.C. § 1956(a)(1)(B)(i). The prosecution of money laundering may be initiated in "any district in which the financial or monetary transaction is conducted." 18 U.S.C. § 1956(i)(1)(A).

Title 18 U.S.C. § 2 provides that a person who "commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal." Any individual that willfully causes such an offense to be committed may be punished as a principal of the offense. *Id*. "In determining venue . . . not only is the conduct of the defendant himself considered, but the conduct of anyone with whom he shares a liability as a principal is as well." *United States v. Bowens*, 224 F.3d 302, 311 n.4 (4th Cir. 2000). "[A] defendant who is charged as an aider or abettor is subject to venue in any place where the principal could be tried." *Id*. Put differently, someone who aids and abets another in the commission of a crime in violation of 18 U.S.C. § 2 may be tried not only in the district where the accessorial acts were committed, but also where the substantive crime was committed. *United States v. Kilpatrick*, 458 F.2d 864, 868 (7th Cir. 1972).

Paragraph Four of the Second Superseding Indictment alleges as to Count One:

From no later than on or about April 19, 2021, and continuing until at least on or about May 21, 2021, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia . . . defendants KISHA SUTTON and

5

> SHAMIESE WRIGHT, aided and abetting by each other, did knowingly execute and attempt to execute a scheme to defraud . . . by means of materially false and fraudulent pretenses, representations, and promises.

(Document 245 at ¶ 4).   Similarly, Count Two of the Second Superseding Indictment states that

> On or about May 14, 2021, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia . . . defendants SHAMIESE WRIGHT and KISHA SUTTON, aided and abetted by each other, did knowingly conduct and attempt to conduct a financing transaction affecting interstate and foreign commerce . . . [and] knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

(Document 245 at 5).

On the face of the Indictment, the Government has properly alleged venue in both Counts. The Defendants are plainly alleged to have aided and abetted each other in knowingly executing a scheme to defraud and knowingly conducting a financial transaction of proceeds from an unlawful activity, *in the Southern District of West Virginia.*  While the Defendants argue the Indictment does not contain factual support for venue, any factual dispute related to venue must be reserved for the jury.   "Our inquiry when assessing a challenge to the adequacy of the indictment is whether the Government has alleged that a crime was committed in the district, not whether or how the Government will prove that fact at trial.  As explained above, the indictment here was sufficient because it alleged that [the] illegal acts occurred in the Eastern District of Virginia and elsewhere." *Powers*, 40 F.4th at 136.  As in *Powers*, the Indictment alleges that the necessary elements as to each Count occurred in the Southern District of West Virginia.  That is the sole permissible inquiry at this stage.  The Court finds that the allegations contained in the Second Superseding Indictment are sufficient to allege venue.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Motion to Dismiss Counts One and Two for Lack of Venue* (Document 264) and *Defendant Shamiese Wright's Motion to Join in Co-Defendant Kisha Sutton's Motion to Dismiss Counts One and Two for Lack of Venue* (Document 269) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: July 7, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA