IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             CRIMINAL ACTION NO. 2:24-cr-00192

KISHA SUTTON -01,
SHAMIESE WRIGHT -02,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Kisha Sutton's Motion in Limine to Exclude Evidence of Other Crimes, Wrongs, or Acts Pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence* (Document 263), *Defendant Shamiese Wright's Motion to Join in Co-Defendant, Kisha Sutton's Motion in Limine to Exclude Evidence of Other Crimes, Wrongs and Acts Pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence* (Document 268), the *Government's Response to Defendant Kisha Sutton's Motion in Limine to Exclude Evidence of Other Crimes, Wrongs, or Acts Pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence* (Document 289), and the *Government Response to Defendant Shamiese Wright's Motion to Join in Co-Defendant, Kisha Sutton's Motion in Limine to Exclude Evidence of Other Crimes, Wrongs or Acts Pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence* (Document 290).

**FACTUAL ALLEGATIONS**

The United States brought this case in a 10-count *Indictment* (Document 1) returned on November 19, 2024. The Indictment named seven Defendants, including Kisha Sutton and Shamiese Wright. It generally alleged that Ms. Sutton conspired with the other Defendants to fraudulently apply for COVID-19 relief Payment Protection Program (PPP) loans. Ms. Sutton is alleged to have filled out false loan documents and IRS forms for the other Defendants after they supplied her with their personal data including bank account information. These documents claimed that the Defendants were each sole proprietors of businesses that generated $75,000 in gross income. After the loan was approved and funded by a financial institution, the Defendants would send Ms. Sutton a portion of the loan as a "kickback" payment through CashApp and spend the remainder on ineligible expenses.

A *Second Superseding Indictment* (Document 245), which charges only Kisha Sutton and Shamiese Wright has since been filed. The charges against the other Defendants have either been dismissed or they have entered guilty pleas. Count One charges Ms. Sutton and Ms. Wright with aiding and abetting bank fraud and Count Two charges them with money laundering. Ms. Sutton was a resident of Jersey City, Hudson County, New Jersey, and Ms. Wright was a resident of Charleston, Kanawha County, West Virginia, when they allegedly committed these acts.

**DISCUSSION**

The Defendants seek to exclude evidence that links them, their previous co-Defendants, and Lydia Spencer to the bank fraud scheme described above. This evidence would include IP addresses, Verizon subscriber information, IRS 1040 Forms, PPP loan applications, DocuSign records, bank account records, CashApp account records, and witness testimony. The Defendants

argue that the Government's notice to use the evidence was insufficient, the evidence cannot be offered for a valid non-character purpose, and the evidence is unfairly prejudicial.

The United States asserts that the proposed evidence is admissible for either of two reasons. First, it argues that this evidence should be permitted as intrinsic evidence outside the scope of Federal Rule of Evidence 404(b). Second, it contends that even if the evidence was not intrinsic, it would be admissible under Rule 404(b) to show the Defendants' motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. As detailed herein, either justification independently provides a sufficient basis for admission of the evidence.

A. *Intrinsic Evidence*

While Rule 404(b) generally prohibits evidence of prior bad acts for the purpose of proving a defendant's character, it only applies to evidence of acts that are *extrinsic* to the act charged. *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007) (citing *United States v. Lipford*, 203 F.3d 259, 268 (4th Cir. 2000)). Evidence that is instead *intrinsic* to the alleged crime falls outside the limitations of Rule 404(b). *Id.* Evidence is intrinsic if it is necessary to provide context relevant to the criminal charge or necessary to complete the story of the crime. *See United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009); *United States v. Kennedy*, 32 F.3d 876, 886 (4th Cir. 1994). This is true even if the evidence arose from conduct prior to or after the period included in the indictment. *Kennedy*, 32 F.3d at 885.

Evidence is also intrinsic if it is inextricably intertwined with the crime charged, or otherwise part of the same chain of conduct or transactions as the charged event. *United States v. Bush*, 944 F.3d 189, 196 (4th Cir. 2019) (citing *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996)). Evidence is inextricably intertwined with the evidence of the crime charged when it

"forms an integral and natural part" of the surrounding circumstances and accounts of the offenses charged. *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010) (internal citations omitted).

The United States' proposed evidence is admissible because it is intrinsic to the chain of events surrounding the crime and is necessary to complete the full story of the Defendants' conduct. The PPP loans were applied for, submitted, and partially remitted to Ms. Sutton during a brief span of time: from April 2021 to July 2021. The loans were also applied for in an identical manner. The applicants submitted their personal information to Ms. Sutton, she created and submitted false loan application documents that claimed the applicant was the sole proprietor of a business that generated $75,000 in income, and the applicants paid Ms. Sutton a kickback payment via CashApp for her assistance. Proposed witness testimony from Lydia Spencer will also explain the link between Ms. Sutton and Ms. Wright in the context of the bank fraud scheme.

Without this evidence, the jury would obtain an isolated picture of Ms. Sutton's fraudulent actions as they relate to the Defendants' cases. Therefore, because the evidence is inextricably intertwined with the charged crimes, is part of a single chain of conduct relevant to the charged crimes, and completes the full story of the charged crimes, the evidence is admissible as intrinsic to the charge and outside the limitations of Rule 404(b).

B. Rule 404(b) Evidence

Even if the evidence detailed above was not intrinsic to the crime, it is admissible under Rule 404(b) as evidence of the Defendants' motive, intent, knowledge, plan, identity, and absence of mistake. As discussed, Rule 404(b) of the Federal Rules of evidence precludes the introduction of evidence of prior bad acts of a defendant to show that the defendant acted in accordance with that prior conduct on a particular occasion. This prohibition is based upon the risk that this category of evidence may unduly influence the fact finder and impede a fair opportunity to defend

the instant charge. *United State v. Hernandez*, 975 F.2d 1035, 1038–40 (4th Cir. 1992) (citations omitted). Rule 404(b), however, provides an exception to this rule when the evidence is offered for a separate purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). While the exceptions are clear limitations to admissibility, the exceptions are not construed narrowly, and so long as evidence of this nature is not introduced for the purpose of proving criminal disposition, it may typically be admitted. *United States v. Russell*, 971 F.2d 1098, 1106 (4th Cir. 1992).

However, due to the danger that this type of evidence will be impermissibly considered as character evidence or evidence of criminal proclivity, the Fourth Circuit has outlined criteria for courts to consider when determining its admissibility. *United States v. McBride*, 676 F.3d 385, 396 (4th Cir. 2012). Thus, to be admissible, the evidence must meet the four-factor test as set forth in *United States v. Queen*:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

132 F.3d 991, 997 (4th Cir. 1997).[1]

In this case, each prong is met with respect to the proposed evidence. The evidence is relevant to issues other than the Defendants' character. Specifically, it is relevant to prove

---

1 Additionally, the Fourth Circuit adds additional protections against potential misuse of this evidence by requiring the Government to provide prior notice of intent to introduce this type of evidence, and a limiting jury instruction to explain its proper consideration. *McBride*, 676 F.3d at 396 (citing *Queen*, 132 F.3d at 997). The United States has met its burden of notice with its response filings.

5

absence of mistake, intent, knowledge, identity, plan, and motive. Ms. Sutton has placed her identity at issue by contending that the Government has no evidence she, rather than someone else in her home, used her computer and submitted the fraudulent loan applications. The repeated execution of the scheme in the exact same manner also indicates that it was not a mistake but was Ms. Sutton's intent and plan. The same is true for Ms. Wright. As a defendant charged with aiding and abetting the commission of the offenses, the previously discussed evidence is also relevant to her intent, knowledge, plan, and absence of mistake.

The United States must prove at trial that the Defendants knowingly executed a scheme to defraud, and the proposed evidence is probative of this essential element. Although the Defendants argue otherwise, this evidence is also reliable. The documentary evidence is largely self-authenticating, and the jury can weigh the credibility of witness testimony. While the proposed evidence is harmful to the Defendants' cases, that is not a basis for excluding probative evidence. The probative value of the evidence and testimony is not substantially outweighed by any unfair prejudice.

Thus, the Court finds the proposed evidence is *alternatively* admissible under Rule 404(b) because it is relevant to the Defendants' identity, intent, knowledge, plan, and absence of mistake, necessary toward explaining an essential element of the offense, reliable, and its probative value is not substantially outweighed by its prejudicial nature.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Kisha Sutton's Motion in Limine to Exclude Evidence of Other Crimes, Wrongs, or Acts Pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence* (Document 263) and *Defendant Shamiese Wright's Motion to Join in Co-Defendant, Kisha Sutton's Motion in Limine to Exclude*

*Evidence of Other Crimes, Wrongs and Acts Pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence* (Document 268) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendants and their respective counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: July 7, 2025

*[Signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA